IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABBY RAYLENE YOUNG,

          Plaintiff,

Vs.                                No. 07-4012-SAC

THE DAILY UNION
MONTGOMERY COMMUNICATIONS,

          Defendant.

MEMORANDUM AND ORDER

Appearing *pro se* and proceeding *in forma pauperis*, the plaintiff Abby Raylene Young filed this employment discrimination action under the Americans with Disabilities Act, 42 U.S.C. §§ 12111 *et seq.*, alleging she was the victim of disparate treatment, retaliation and termination because of her husband's disability (Dk. 1). The defendant Montgomery Communications, Inc., d/b/a The Daily Union, answered on May 2, 2007, denying the allegations of discrimination and asserting the court is without jurisdiction as the plaintiff did not timely file the action. (Dk. 6.)

On May 17, 2007, the plaintiff filed a Motion to Withdraw Case stating:

> I, Abby Raylene Young, want to withdraw this case from any further action. Financially I have been unable to obtain legal representation and feel that I am not independently equipped to represent myself in

this matter.

(Dk. 9). The defendant filed no response to the plaintiff's motion. The defendant, however, filed on June 4, 2007, a motion to dismiss arguing that the court lacked jurisdiction as the plaintiff failed to file her suit within ninety days of her receipt of the "right to sue" letter from the United States Equal Employment Opportunity Commission ("EEOC"). (Dk. 10). The magistrate judge conducted a telephone status conference on June 6, 2007, and reported the same to this court. (Dk. 11). On June 18, 2007, the plaintiff filed a pleading entitled "Motion to Withdraw and Response" stating:

> I, Abby Raylene Young, want to withdraw this case from any further action at this time. Due to immediate medical concerns I am unable to pursue this case in the same manner that I was capable of at the date of my initial filing. I am in no manner conceding to any of the defendant's claims or rebuttals presented in any correspondence that support a dismissal of this case.

(Dk. 12). The defendant has not responded to this motion.

When an opposing party has filed an answer, a plaintiff may not voluntarily dismiss her action without prejudice except by court order and "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). This rule "'is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v.*

*Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996).  The district court typically should grant a plaintiff's request for voluntary dismissal in the absence of "legal prejudice" to the defendant. *Brown v. Baeke*, 413 F.3d at 1123.  Some of the factors relevant in determining "legal prejudice" include:  the defendant's effort expended and cost incurred in preparing for trial, the plaintiff's excessive delay or lack of diligence in prosecuting the action and/or in seeking dismissal, the sufficiency of the plaintiff's stated reasons for dismissal, and the current stage of litigation.  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).  This is not an exhaustive list of factors, and not all of the factors need to be resolved favorably for the movant before a dismissal may be granted. *Id.*

       The court finds that the defendant will not suffer legal prejudice if this case is dismissed without prejudice, and the defendant has not filed any response suggesting any legal prejudice.  The court record does not indicate that the defendant has incurred any substantial expenses for preparation and work which could not be used in a subsequent case or which would have to be duplicated in a subsequent case.  The second factor, excessive delay and lack of diligence by the movant, also does not result in legal prejudice to the defendant.  There is nothing to indicate that

the plaintiff was less than diligent in prosecuting this action or that she unnecessarily delayed in seeking its dismissal. The court accepts as sufficient the plaintiff's explanation that her husband's immediate and serious health needs prevent her from diligently pursuing this litigation and from securing legal counsel to assist her. Finally, the defendant's pending motion to dismiss gives the court no pause, for the motion is procedurally deficient[1] and does not assert an issue[2] going to this court's jurisdiction. Absent a request for curative conditions and a record demonstrating the need for such conditions, the court will grant the plaintiff's motion and will not impose any terms and conditions.

IT IS THEREFORE ORDERED that the plaintiff's motions to withdraw case (Dks. 9 and 12) are granted, and the action is dismissed without prejudice.

---

[1] The defendant's motion is not accompanied by a memorandum, and the court did not relieve the defendant of this requirement. D. Kan. Rule 7.1(a).

[2] It is true that a plaintiff must initiate litigation on an ADA claim within ninety days from the date she receives a "right to sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (Title VII filing deadline); 42 U.S.C. § 12117(a) (adopting Title VII filing deadlines for ADA claims). This filing deadline is not a jurisdictional requirement, but it is a prerequisite or condition precedent to suit that is subject to waiver, estoppel, and equitable tolling. *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir.) *cert.denied*, 540 U.S. 858 (2003).

Dated this 24th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge
